NUMBER 13-05-070-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CHRISTUS SPOHN HEALTH SYSTEM
CORPORATION D/B/A CHRISTUS 
SPOHN HOSPITAL CORPUS CHRISTI - 
SHORELINE AND UNKNOWN NURSE 
AND/OR NURSES ROE,                                                     Appellants,

v.

SYLVIA RIOS, ADULT DAUGHTER,
INDIVIDUALLY, AND AS NEXT FRIEND
FOR AND GUARDIAN OF JESUSA RIOS;
AND FELIX RIOS, ROLAND RIOS, AND 
JUANITA RIOS MUNGIA, ALL INDIVIDUALLY
AS ADULT SONS AND DAUGHTERS OF 
JESUSA RIOS,                                                                    Appellees.
                                                                                                                                      

On appeal from the County Court at Law No. 4 
of Nueces County, Texas.
                                                                                                                      
 
MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion Per Curiam
 
This lawsuit is a healthcare liability claim filed by appellees, Sylvia Rios and her
siblings on behalf of their mother, Jesusa Rios, and themselves, against appellants,
Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Corpus Christi -
Shoreline and unknown “Nurse and/or Nurses Roe.” Appellees served appellants with an
expert report in an attempt to comply with the expert report requirements of civil practice
and remedies code section 74.351. Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon
Supp. 2004–05). Appellants objected to the sufficiency of the report and requested
dismissal of the case.


 On January 18, 2005, the trial court overruled appellants’
objections to the report and ruled that it was sufficient. Appellants subsequently appealed
the trial court’s ruling to this Court pursuant to section 51.014(a)(9) of the civil practice and
remedies code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon Supp.
2004–05). While the appeal was pending in this Court, appellees returned to the trial court
and requested dissolution of the January 18, 2005 order (“the original order”) and asked
for an extension to cure deficiencies in their expert report. On April 8, 2005, the trial court
granted appellees’ motion and signed an order that dissolved the January 18, 2005 order
and granted appellees 30 days to cure the deficiencies in their report. By written motion,
appellees now request this Court to dismiss the interlocutory appeal. In response,
appellants have filed a motion for this Court to review and vacate the trial court’s April 8,
2005 order (“the dissolution order”) pursuant to Texas Rules of Appellate Procedure 29.5
and 29.6. Tex. R. App. P. 29.5 & 29.6. For the reasons that follow, we deny appellants’
motion, grant appellees’ motion, and dismiss this interlocutory appeal.
Our appellate rules provide that while an appeal from an interlocutory order is
pending, “the trial court retains jurisdiction of the case and may make further orders,
including one dissolving the order appealed from”; however, the rules also provide that the
trial court “must not make an order that . . . interferes with or impairs the jurisdiction of the
appellate court or effectiveness of any relief sought or that may be granted on appeal.” 
Tex. R. App. P. 29.5(b) (emphasis added). 
Appellants complain that the trial court’s dissolution order violated rule 29.5 because
it interferes with and impairs the effectiveness of the relief appellants seek on appeal. 
According to appellants, rule 29.5 “allows a trial court to dissolve an order being appealed
only when the trial court disposes of the appeal and grants the relief appellants have
requested.” Thus, appellants argue, “the only order concerning the sufficiency of
appellees’ expert report that rule 29.5 would allow the trial court to make would be an order
dismissing the lawsuit with prejudice.”
At the outset, we note that the trial court’s dissolution order does, in fact, grant the
relief requested by appellants: it states that there is a deficiency in the expert report. The
dissolution order disposes in appellants’ favor the sole issue on appeal (i.e., the sufficiency
of the expert report). We therefore disagree with appellants’ contention that the dissolution
order interferes with and impairs the effectiveness of the relief sought on appeal. The relief
sought on appeal (i.e., a ruling that the report is deficient) has already been granted by the
trial court. A review by this Court of an issue on which both parties and the trial court agree
would serve no cognizable judicial interest, as the issue has already been settled in
appellants’ favor. 
Appellants nevertheless contend that they are entitled to more relief: they demand
dismissal with prejudice, which the trial court has denied. Under section 74.315(b) of the
civil practice and remedies code, the trial court, on motion of the affected health care
provider, shall, subject to subsection (c), enter an order that awards the health care
provider reasonable attorney’s fees and court costs and dismisses the claim with prejudice. 
Tex. Civ. Prac. & Rem. Code Ann. § 74.315(b). Under subsection (c), however, the court
can grant one 30-day extension to the claimant to cure the deficiency. Id. § 74.315(c). 
Although appellants may appeal the trial court’s ruling as to the sufficiency of an expert
report, no appeal can be taken from the trial court’s decision to grant a 30-day extension
under subsection (c). See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Appellants
complain that the decision to give appellees an additional 30 days to cure the deficiency
in their report defeats their right to dismissal with prejudice; however, we see no reason for
reaching such a conclusion. Appellants can still have the case dismissed with prejudice
if appellees’ “cured” report is deficient. If the trial court rules that the “cured” report is
sufficient, appellants may appeal the ruling and secure a dismissal with prejudice on
appeal. Nothing in the trial court’s dissolution order impairs or interferes with these rights. 
 We further note that appellants have not argued that the dissolution order was
improper because it affected this Court’s jurisdiction. We find this significant, as the
language of rule 29.5 states that any subsequent order by the trial court must not interfere
with or impair the jurisdiction of the appellate court or effectiveness of any relief sought or
that may be granted on appeal. Appellants’ contentions focus solely on the latter part of
this rule, the effectiveness of any relief sought on appeal. In fact, appellants suggest that
even at this late date, the trial court may still dissolve its original order and dismiss
appellees’ case with prejudice without running afoul of rule 29.5, even though such an
order would deprive this Court of its limited interlocutory jurisdiction under civil practice and
remedies code section 51.014(a)(9). In short, appellants’ position is that a subsequent
order is not problematic as long as it grants the relief appellants requested. We have
concluded that the trial court’s dissolution order grants the relief requested by appellants
by ruling that the expert report is deficient. Accordingly, based on the arguments
advanced, we have no basis for concluding that the trial court’s dissolution order violated
rule 29.5. 
For the reasons above, we deny appellants’ motion to review and vacate the trial
court’s dissolution order and grant appellees’ motion to dismiss. All appellate costs are
assessed against appellees. See Tex. R. App. P. 43.6. 
                                                                                     PER CURIAM
 
Memorandum opinion delivered and filed 
this the 5th day of May, 2005.